# EXHIBIT A

COPY
ORIGINAL FILED
OCT 01 2025
Scott G. Weber, Clerk, Clark Co.

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CLARK

| | |
|---|---|
| JULIE JACKSON, an individual,<br>Plaintiff,<br>v.<br>PREMIUM RETAIL SERVICES, LLC, a Delaware Limited Liability Company, PREMIUM RETAIL SERVICES Inc., a Delaware Corporation, and SAMSUNG ELECTRONICS AMERICA INC., a New York Corporation.<br>Defendants. | No. 25 2 03564 06<br>COMPLAINT<br><br>JURY DEMAND |

COMES NOW the Plaintiff, Julie Jackson (hereinafter "Plaintiff"), by and through her attorneys, Navigate Law Group, for her Complaint against Defendants, Premium Retail Services, LLC (hereinafter "Defendant PRS, LLC"), Premium Retail Services Inc. (hereinafter "Defendant PRS Inc.") (Defendant PRS, LLC and Defendant PRS Inc together hereinafter "Defendant PRS"), and Samsung Electronics America Inc. (hereinafter "Defendant Samsung") (collectively hereinafter "Defendants"), and alleges as follows:

///



NAVIGATE LAW GROUP
1310 Main Street
Vancouver, WA 98660
Phone: 360-216-1098 Fax: 360-419-5226

## I. NATURE OF THE CASE

Plaintiff, Julie Jackson, was employed as a virtual trainer by Defendant PRS, LLC, a contractor, Defendant PRS Inc., a contractor, and Defendant Samsung, a major electronics manufacturer. While employed by Defendants, Plaintiff was subjected to significant sexual harassment, gender discrimination, age discrimination, and the intentional infliction of emotional distress resulting in detriment to her mental health, and eventually, retaliatory termination in violation of public policy after and because of voicing her concerns. Plaintiff met with her supervisors numerous times about these issues between December 20, 2022, and March 6, 2023, and was terminated on March 13, 2023, less than a week after she made her last report.

Plaintiff asserts claims of sexual harassment (hostile work environment), gender discrimination, age discrimination, the intentional infliction of emotional distress, retaliation, and wrongful discharge in violation of public policy.

## II. PARTIES AND JURISDICTION

2.1 Plaintiff was employed by Defendant Samsung beginning on or about January 25, 2010.

2.2 Plaintiff was employed by Defendant PRS, LLC beginning on or about January 25, 2010.

2.3 Plaintiff was employed by Defendant PRS Inc. beginning on or about January 25, 2010.

2.4 Plaintiff is a resident of Clark County, WA.



NAVIGATE LAW GROUP
1310 Main Street
Vancouver, WA 98660
Phone: 360-216-1098 Fax: 360-419-5226

2.5 Plaintiff performed her duties as an employee for Defendant Samsung, Defendant PRS, LLC, and Defendant PRS Inc. in Clark County, WA.

2.6 Defendant PRS, LLC is a Delaware Limited Liability Company.

2.7 Defendant PRS Inc. is a Delaware corporation

2.8 Defendant Samsung is a New York Corporation.

2.9 Defendant PRS, LLC conducts business in the state of Washington.

2.10 Defendant PRS Inc. conducts business in the state of Washington.

2.11 Defendant Samsung conducts business in the state of Washington.

2.12 Defendant PRS, LLC is directly or indirectly responsible for supervision, oversight, and administration of its offices, departments, department managers, and personnel.

2.13 Defendant PRS Inc. is directly or indirectly responsible for supervision, oversight, and administration of its offices, departments, department managers, and personnel.

2.14 Defendant Samsung is directly or indirectly responsible for supervision, oversight, and administration of its offices, departments, department managers, and personnel.

## III. JURISDICTION AND VENUE

3.1 All acts complained of giving rise to this litigation occurred in Clark County, Washington.

3.2 Defendant Samsung, Defendant PRS, LLC, and Defendant PRS Inc. engaged jointly in the remote employment of Plaintiff, who resided in Clark County,



NAVIGATE LAW GROUP
1310 Main Street
Vancouver, WA 98660
Phone: 360-216-1098 Fax: 360-419-5226

Washington, at all times relevant to this litigation. Subject matter jurisdiction, personal jurisdiction and venue are all properly before this Court.

## IV. FACTS

4.1 Plaintiff was hired by Defendant Samsung on or around January 25, 2010, following which Plaintiff became employed by both Defendant Samsung and Defendant PRS on or around January 25, 2010, and remained employed for a duration of over thirteen (13) years, during which time Plaintiff demonstrated commendable performance.

4.2 Plaintiff's title at the time of her termination was "Samsung On Command Advisor."

4.3 Plaintiff's performance was measured through specific metrics tracked by Defendants, some of which were out of her control, including the number of times a call with a trainee was disconnected and the rating that the trainee left regarding the support interaction with Plaintiff.

4.4 Plaintiff is a woman over the age of fifty (50) years old. At the time of her termination, she was the only female on her team and was the oldest individual on her team. At the time of her termination, Plaintiff was one of only two individuals on her team over the age of forty (40) years old.

### A. Sexual Harassment, Gender Discrimination, Age Discrimination, and the Infliction of Intentional Emotional Distress

4.5 A decade after her employment with Defendant Samsung and Defendant PRS began, Plaintiff was chosen to be on a team of 16 individuals, out of 100 individuals interviewed, to be transferred to an internal training department that provided support to



NAVIGATE LAW GROUP
1310 Main Street
Vancouver, WA 98660
Phone: 360-216-1098 Fax: 360-419-5226

other employees of Defendants, many of whom who were on-site vendors located at various retail locations and described as "e-promoters."

4.6 No later than December 20, 2022, Plaintiff began experiencing unwelcome gender- and age-based harassment and discrimination on the part of these e-promoter trainees, employees of Defendants. Defendants' employees routinely engaged in behavior amounting to harassment and discriminatory behavior against Plaintiff. Specifically, Defendants' employees would call or message Plaintiff's virtual support department to receive training and support, but upon discovering Plaintiff's gender and age, would immediately and repeatedly end the line of communication in an abrupt and harassing fashion, often leaving poor ratings/reviews despite refusing Plaintiff the opportunity to respond or provide any training and support.

4.7 On December 20, 2022, Plaintiff was subjected to five support request chat hangups in rapid succession from an e-promoter, an employee of Defendants. The e-promoter submitted a question but failed to wait for Plaintiff to type a response, instead immediately ending the support request upon realizing he was speaking with a woman over the age of 50. This e-promoter made a new support request four additional times, each of which was routed to Plaintiff, only to disconnect again as soon as this employee saw Plaintiff's profile picture.

4.8 On December 20, 2022, Plaintiff reported this harassing and discriminatory behavior and provided identifying information regarding the perpetrator of the discrimination to Scott Clegg, a lead supervisor of Defendant PRS, and Bradley Worthman, a regional manager of Defendant Samsung (together hereinafter Plaintiff's "Supervisors"),



NAVIGATE LAW GROUP
1310 Main Street
Vancouver, WA 98660
Phone: 360-216-1098 Fax: 360-419-5226

both employees of Defendants, in an email sent to both individuals on December 20, 2022. Scott Clegg responded that Plaintiff was doing well in her role and that the hangups were not a big deal, and reassured Plaintiff that the adverse behavior characterized by the hangups were out of Plaintiff's control and would not reflect poorly upon Plaintiff's performance. However, Bradley Worthman made indications that he was becoming upset with how many report emails Plaintiff was sending him regarding the discriminatory treatment she was experiencing.

4.9 On January 12, 2023, at 10:57 a.m., Plaintiff experienced a chat hangup by e-promoter "Jess," an employee of Defendants, who left a low rating before Plaintiff was able to start the conversation, which Plaintiff reported in an email to her Supervisors at 10:59 a.m.

4.10 On January 25, 2023, Plaintiff experienced a mid-conversation chat hangup by e-promoter "Neha," an employee of Defendants, following which the e-promoter left a low rating, which Plaintiff reported to her Supervisors by email at 10:40 a.m.

4.11 On January 25, 2023, Plaintiff experienced a chat hangup by e-promoter "Van," an employee of Defendants, without being allowed time to answer the e-promoter's question, following which the e-promoter left a low rating, which Plaintiff reported to her Supervisors by email at 10:36 a.m.

4.12 On January 25, 2023, Plaintiff experienced a chat hangup by e-promoter "Leroy," an employee of Defendants, without being given the chance to answer the e-promoter's question, following which the e-promoter left a low rating, which Plaintiff reported to her Supervisors by email at 12:28 p.m. In this report, in response to Bradley



NAVIGATE LAW GROUP
1310 Main Street
Vancouver, WA 98660
Phone: 360-216-1098 Fax: 360-419-5226

Worthman's question: "what do you want us to do about it," Plaintiff stated she would prefer that e-promoters not leave a rating if Plaintiff was not permitted the time to provide a response to the e-promoter's question, but alternatively that Plaintiff would at least request that the low ratings be "scrubbed" from her statistical record.

4.13 Subsequently on the afternoon of January 25, 2023, Plaintiff experienced another chat hangup by e-promoter "Rodney," an employee of Defendants, without being given the chance to answer the e-promoter's question, following which the e-promoter left a low rating and then called back under the new pseudonym of "Riley," and spoke with another virtual trainer, Joe, who was able to finish the training. Plaintiff also reported this discriminatory behavior to her Supervisors by email at 2:19 p.m.

4.14 On February 1, 2023, Plaintiff experienced a chat hangup twice in quick succession by e-promoter "Ben," and employee of Defendants, without being allowed time to answer the e-promoter's question, after each of which the e-promoter left a low rating, following which the e-promoter called back again and accepted assistance from another virtual trainer, Bill. Plaintiff reported this discriminatory treatment to her Supervisors by email at 6:40 p.m. and provided identifying information about the perpetrator of the discrimination.

4.15 On February 10, 2023, Plaintiff experienced a series of eight chat hangups in quick succession, each of which lasted less than one minute, by an e-promoter who used the monickers "Julie," "Riley," "Ben," "Julie," "Enoch," "Steven," "Rolley," and "Shiv," an employee of Defendants, each time without permitting Plaintiff an opportunity to answer the e-promoter's question. The e-promoter left multiple low ratings. Plaintiff reported this



NAVIGATE LAW GROUP
1310 Main Street
Vancouver, WA 98660
Phone: 360-216-1098 Fax: 360-419-5226

harassment to her Supervisors by email at 12:01 p.m., stating that she believed this specific e-promoter should be terminated as Plaintiff felt unacceptably targeted.

4.16 On February 10, 2023, Plaintiff had a one-on-one meeting with her supervising regional manager, Bradley Worthman, during which Plaintiff raised her concerns about the discriminatory treatment she had routinely been subjected to and the negative impact this disparate treatment was having on her. Bradley Worthman responded by dismissing Plaintiff's concerns, stating that he did not believe Plaintiff was being subjected to discrimination, despite the fact that Plaintiff's team members noticed it themselves.

**B. Termination**

4.17 On March 13, 2023, Plaintiff was terminated without explanation. When Plaintiff asked her Supervisors for the cause, Plaintiff was told only that it was "what Samsung wants" without further explanation. Two other employees of Defendants were also removed from the virtual trainer team at this time, but both other employees were transferred to different positions within PRS. Plaintiff was not offered a different position under Defendants' employment.

4.18 Plaintiff has never been disciplined or received any negative feedback from her employer.

4.19 Plaintiff's performance was stellar. Plaintiff received two "Premium Proud" awards from her employer, one of which was received the month prior to Plaintiff's termination and the other of which was received the month Plaintiff was terminated, which Plaintiff received in the mail after the date of her termination. Plaintiff also routinely



NAVIGATE LAW GROUP
1310 Main Street
Vancouver, WA 98660
Phone: 360-216-1098 Fax: 360-419-5226

received recognition for her strong performance when she scored highly in the weekly performance metrics and her scores were showcased in the regular announcement emails.

4.20 Following Plaintiff's termination, her emotional health and sleep schedule suffered dramatically and significantly impacted her wellbeing. For months on end, Plaintiff often woke up in the middle of the night wondering what had happened to her, what she had done wrong, why she had been terminated, and worried about her income.

## V. FIRST CAUSE OF ACTION: SEXUAL HARASMENT

## (HOSTILE WORK ENVIRONMENT)

**All Defendants**

5.1 Plaintiff repeats and re-alleges all previous paragraphs as if fully set forth herein.

5.2 Defendants' conduct was unwelcome, was based on Plaintiff's sex, affected Plaintiff's employment, and was perpetrated through the intentional acts of employees and/or agents of Defendants, in violation of RCW 49.60.030(1)(a) and RCW 49.60.180(3). Defendants' discrimination constituted sexual harassment in the form of hostile work environment and disparate treatment on the basis of sex.

5.3 The harassment and discrimination to which Plaintiff was subjected by Defendants and employees of Defendants was pervasive, ongoing, demeaning, a form of severe nonverbal social exclusion, and a form of disparate treatment.

5.4 Plaintiff repeatedly reported the discriminatory conduct to which she was subjected to Defendants' Supervisors and continually expressed that this behavior was unwelcome.



NAVIGATE LAW GROUP
1310 Main Street
Vancouver, WA 98660
Phone: 360-216-1098 Fax: 360-419-5226

5.5 Defendants' failure to address the ongoing sexual harassment that Plaintiff was being subjected to, which created a hostile work environment, resulted in Defendants' engagement in unfair employment practices and discrimination against Plaintiff.

5.6 Defendants engaged in unfair employment practices and discriminated against Plaintiff by terminating Plaintiff when her performance metrics were affected by the ongoing sexual harassment Plaintiff was being subjected to in her final year of employment.

5.7 As a result of Defendants' actions, Plaintiff has suffered damages to be determined at trial, plus her reasonable attorney fees and costs.

5.8 Pursuant to RCW 49.60 et. seq. and case law, Plaintiff is entitled to all past and future economic damages, including but not limited to lost wages and benefits, past and future, and interest in amounts to be proven at trial.

5.9 Pursuant to RCW 49.60 et. seq. and case law, Plaintiff is entitled to all non-economic damages, past and future, including but not limited to generalized emotional distress and humiliation, and damage to her professional reputation in amounts to be proven at trial.

5.10 Plaintiff is also entitled to reasonable attorney fees and costs allowable under RCW 49.60 et. seq., and RCW 49.48.030. See *Gaglidari v. Denny's Restaurants, Inc.*, 117 Wn.2d 426, 451, 815 P.2d 1362 (1991). *See also Hume v. American Disposal Co.*, 124 Wash. 2d 656, 673 (1994); *Hanson v. City of Tacoma*, 105 Wash.2d 864, 872, 719 P.2d 104 (1986).

///

///



NAVIGATE LAW GROUP
1310 Main Street
Vancouver, WA 98660
Phone: 360-216-1098 Fax: 360-419-5226

## VI. SECOND CAUSE OF ACTION: AGE DISCRIMINATION

**<u>All Defendants</u>**

6.1 Plaintiff repeats and re-alleges all previous paragraphs as if fully set forth herein.

6.2 Defendants' conduct was based on Plaintiff being over the age of 40, was perpetrated through the intentional acts of employees and/or agents of Defendants, as described in the preceding paragraphs, and was in violation of RCW 49.60.180(2),(3). Defendants' actions via their employees constituted age discrimination in the form of disparate treatment on the basis of age.

6.3 Plaintiff's report to Defendants of discrimination due to her age is a protected activity.

6.4 Defendants engaged in unfair employment practices and discriminated against Plaintiff by terminating Plaintiff due to the disparate treatment Plaintiff was subjected to due to her age and/or Plaintiff's reports regarding the disparate treatment she was being subjected to due to her age.

6.5 As a result of Defendants' actions, Plaintiff has suffered damages to be determined at trial, plus her reasonable attorney fees and costs.

6.6 Pursuant to RCW 49.60 et. seq. and case law, Plaintiff is entitled to all past and future economic damages, including but not limited to lost wages and benefits, past and future, and interest in amounts to be proven at trial.

6.7 Pursuant to RCW 49.60 et. seq. and case law, Plaintiff is entitled to all non-economic damages, past and future, including but not limited to generalized emotional



NAVIGATE LAW GROUP
1310 Main Street
Vancouver, WA 98660
Phone: 360-216-1098 Fax: 360-419-5226

distress and humiliation, and damage to her professional reputation in amounts to be proven at trial.

6.8 Plaintiff is also entitled to reasonable attorney fees and costs allowable under RCW 49.60 et. seq., and RCW 49.48.030. See *Gaglidari v. Denny's Restaurants, Inc.*, 117 Wn.2d 426, 451, 815 P.2d 1362 (1991). *See also Hume v. American Disposal Co.*, 124 Wash. 2d 656, 673 (1994); *Hanson v. City of Tacoma*, 105 Wash.2d 864, 872, 719 P.2d 104 (1986).

## VII. THIRD CAUSE OF ACTION: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

**All Defendants**

7.1 Plaintiff repeats and re-alleges all previous paragraphs as if fully set forth herein.

7.2 Public policy supports the elimination and prevention of sexual harassment, gender discrimination, and age discrimination in employment, and the ability to report employer misconduct regarding the same without penalty.

7.3 Plaintiff reported to Defendants (via the Supervisors) the sexual harassment, gender discrimination, discrimination and age discrimination that Plaintiff was experiencing and Defendants terminated Plaintiff for her reports and for the disparate treatment of Plaintiff.

7.4 Plaintiff's reports to Defendants amounted to whistleblowing.

///

///



NAVIGATE LAW GROUP
1310 Main Street
Vancouver, WA 98660
Phone: 360-216-1098 Fax: 360-419-5226

7.5 Defendants engaged in unfair employment practices and discriminated against Plaintiff by terminating Plaintiff for reporting misconduct perpetrated by employees of Defendants.

7.6 Plaintiff's suffering performance resulting from the aforementioned discrimination, as well as Defendants' retaliatory actions towards Plaintiff's reports, were the moving force behind, the motivating factor for, and the but-for cause of Plaintiff's termination.

7.7 The conduct of Defendants in terminating Plaintiff amounted to wrongful termination in violation of public policy.

7.8 As a result of Defendants' actions, Plaintiff has suffered damages to be determined at trial, plus her reasonable attorney fees and costs.

7.9 Pursuant to RCW 49.60 et. seq. and case law, Plaintiff is entitled to all past and future economic damages, including but not limited to lost wages and benefits, past and future, and interest in amounts to be proven at trial.

7.10 Pursuant to RCW 49.60 et. seq. and case law, Plaintiff is entitled to all non-economic damages, past and future, including but not limited to generalized emotional distress and humiliation, and damage to her professional reputation in amounts to be proven at trial.

7.11 Plaintiff is also entitled to reasonable attorney fees and costs allowable under RCW 49.60 et. seq., and RCW 49.48.030. See *Gaglidari v. Denny's Restaurants, Inc.*, 117 Wn.2d 426, 451, 815 P.2d 1362 (1991). *See also Hume v. American Disposal Co.*, 124



NAVIGATE LAW GROUP
1310 Main Street
Vancouver, WA 98660
Phone: 360-216-1098 Fax: 360-419-5226

Wash. 2d 656, 673 (1994); *Hanson v. City of Tacoma*, 105 Wash.2d 864, 872, 719 P.2d 104 (1986).

## VIII. FOURTH CAUSE OF ACTION: GENDER DISCRIMINATION

**All Defendants**

8.1 Plaintiff repeats and re-alleges all previous paragraphs as if fully set forth herein.

8.2 Plaintiff's gender is protected under the Washington Law Against Discrimination (RCW 49.60.030(1)(a); RCW 49.60.180(2),(3)).

8.3 Defendants took adverse employment action against Plaintiff, including isolation, exclusion, and ultimately termination, based on Plaintiff's gender.

8.4 Defendants engaged in unfair employment practices and discriminated against Plaintiff by terminating Plaintiff due to her gender.

8.5 As a result of Defendants' actions, Plaintiff has suffered damages to be determined at trial, plus her reasonable attorney fees and costs.

8.6 Pursuant to RCW 49.60 et. seq. and case law, Plaintiff is entitled to all past and future economic damages, including but not limited to lost wages and benefits, past and future, and interest in amounts to be proven at trial.

8.7 Pursuant to RCW 49.60 et. seq. and case law, Plaintiff is entitled to all non-economic damages, past and future, including but not limited to generalized emotional distress and humiliation, and damage to her professional reputation in amounts to be proven at trial.

///



NAVIGATE LAW GROUP
1310 Main Street
Vancouver, WA 98660
Phone: 360-216-1098 Fax: 360-419-5226

8.8 Plaintiff is also entitled to reasonable attorney fees and costs allowable under RCW 49.60 et. seq., and RCW 49.48.030. See *Gaglidari v. Denny's Restaurants, Inc.*, 117 Wn.2d 426, 451, 815 P.2d 1362 (1991). *See also Hume v. American Disposal Co.*, 124 Wash. 2d 656, 673 (1994); *Hanson v. City of Tacoma*, 105 Wash.2d 864, 872, 719 P.2d 104 (1986).

## IX. FIFTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**All Defendants**

9.1 Plaintiff repeats and re-alleges all previous paragraphs as if fully set forth herein.

9.2 Public policy supports the protection of individuals' dignity and mental well-being from severe emotional harm caused by the egregious and unconscionable conduct of others.

9.3 Defendants and their employees repeatedly engaged in extreme and outrageous conduct directed at Plaintiff from early 2022 to March of 2023 that caused Plaintiff to suffer severe emotional distress. Such conduct includes but is not limited to employees routinely treating Plaintiff disparately by refusing to interact with Plaintiff, and rating Plaintiff poorly despite refusing to interact with Plaintiff, due to Plaintiff's age and gender.

9.4 Defendants and Defendants' Supervisors refused to address the harassment Plaintiff was subjected to despite Plaintiff's repeated reports and entreaties for the harassment and discrimination to be brought to an end.



NAVIGATE LAW GROUP
1310 Main Street
Vancouver, WA 98660
Phone: 360-216-1098 Fax: 360-419-5226

9.5 Defendants' conduct and the conduct of Defendants' agents and/or employees toward Plaintiff was intentional, continuous, outrageous, offensive and either intended to or was foreseeably likely to cause Plaintiff severe emotional distress.

9.6 As a result of Defendants' conduct and the conduct of Defendants' agents' and/or employees' unconscionable conduct, Plaintiff has suffered damages in an amount to be determined at trial.

## X. SIXTH CAUSE OF ACTION: TITLE VII - RETALIATION

**All Defendants**

10.1 Plaintiff repeats and re-alleges all previous paragraphs as if fully set forth herein.

10.2 Defendants retaliated against Plaintiff for opposing unlawful employment practices in violation of 42 USC § 2000e-3(a), as described in the preceding paragraphs.

10.3 Defendants' retaliation caused Plaintiff to suffer the injuries and incur the damages alleged in the preceding paragraphs.

10.4 As a result of Defendants' retaliation, Plaintiff has suffered damages in an amount to be determined at trial.

## XI. SEVENTH CAUSE OF ACTION: TITLE VII - DISCRIMINATION

**All Defendants**

11.1 Plaintiff repeats and re-alleges all previous paragraphs as if fully set forth herein.

11.2 Defendants discriminated against Plaintiff because of her sex, and/or Plaintiff's sex was a substantial motivating factor for Defendants' conduct, through the



NAVIGATE LAW GROUP
1310 Main Street
Vancouver, WA 98660
Phone: 360-216-1098 Fax: 360-419-5226

intentional acts of its employees and/or agents, as described in the preceding paragraphs, in violation of 42 USC § 2000e-2(a). Defendants' discrimination constituted sexual harassment in the form of a hostile work environment, and disparate treatment on the basis of sex.

11.3 Defendants' discrimination caused Plaintiff to suffer the injuries and incur the damages alleged in the preceding paragraphs.

11.4 As a result of Defendants' conduct and the conduct of Defendants' agents' and/or employees' discriminatory conduct, Plaintiff has suffered damages in an amount to be determined at trial.

## XII. EIGHTH CAUSE OF ACTION: ADEA

**All Defendants**

12.1 Plaintiff repeats and re-alleges all previous paragraphs as if fully set forth herein.

12.2 Defendants discriminated against Plaintiff because of her age, and/or Plaintiff's age was a substantial motivating factor for Defendants' conduct, through the intentional acts of its employees and/or agents, as described in the preceding paragraphs, in violation of 29 USC § 623. Defendants' discrimination constituted age discrimination in the form of a hostile work environment, and disparate treatment on the basis of age.

12.3 Defendants' discrimination caused Plaintiff to suffer the injuries and incur the damages alleged in the preceding paragraphs.

///

///



NAVIGATE LAW GROUP
1310 Main Street
Vancouver, WA 98660
Phone: 360-216-1098 Fax: 360-419-5226

12.4 As a result of Defendants' conduct and the conduct of Defendants' agents' and/or employees' discriminatory conduct, Plaintiff has suffered damages in an amount to be determined at trial.

## XIII. RESERVATION OF RIGHTS

Plaintiff reserves the right to add, revise, or withdraw any claims, or add additional parties, including but not limited to Defendants' officers, managers or Supervisors, during the course of the litigation as information is obtained through discovery.

## XIV. PRAYER FOR RELIEF

Wherefore:

Plaintiff requests this court to make Plaintiff whole by awarding general damages, including damages for emotional distress, inconvenience, damage to Plaintiff's professional reputation, mental anguish, humiliation, and loss of enjoyment of life, in amounts to be determined at trial;

Plaintiff requests this court to make Plaintiff whole by awarding Plaintiff back pay and other losses directly related to the adverse employment actions she has suffered in amounts to be proven at trial, with interest accruing thereon;

Plaintiff seeks reinstatement, front pay and other remedial relief as may be appropriate to alleviate the effects of the wrongful termination she has suffered;

Plaintiff seeks reasonable attorneys' fees and costs, including but not limited to expert witness fees, whether statutory or equitable, to be assessed herein, pursuant to RCW 49.60 et seq., RCW 49.48.030, Title VII, and the ADEA;

///



NAVIGATE LAW GROUP
1310 Main Street
Vancouver, WA 98660
Phone: 360-216-1098 Fax: 360-419-5226

Plaintiff seeks all other "actual damages" and "any other appropriate remedy" including compensation for diminution of any award due to taxes;

Plaintiff seeks punitive damages in amounts to be established at trial under 42 U.S. Code § 1981a;

Plaintiff seeks pre-judgment and post-judgment interest;

Plaintiff seeks an amount to justly compensate Plaintiff for the tax consequences of the award;

Plaintiff requests any additional or further relief that this Court finds just and equitable under the circumstances.

DATED this 30 day of September 2025.

By:

Julie Jackson
*Plaintiff*



NAVIGATE LAW GROUP
1310 Main Street
Vancouver, WA 98660
Phone: 360-216-1098 Fax: 360-419-5226